VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

BRIAN SCOVILLE,

  Plaintiff,

v.                                                                                  Case No. CL21-5352-5

KROGER LIMITED PARTNERSHIP I D/B/A
KROGER D/B/A GAYTON CROSSING
KROGER, BENENSON BRYN MAWR, LLC
D/B/A BENENSON CAPITAL PARTNERS,
LLC AND MICHAEL GOODROW,

  Defendants.

## NOTICE OF FILING REMOVAL

TO:    The Honorable Edward F. Jewett, Clerk
         City of Richmond Circuit Court
         John Marshall Courts Building
         404 North Ninth Street
         Richmond, VA 23219

PLEASE TAKE NOTICE that Defendant, Kroger Limited Partnership I d/b/a Kroger d/b/a Gayton Crossing Kroger, filed with the United States District Court for the Eastern District of Virginia, Richmond Division, a Notice of Removal of this case to said United States District Court. A copy of that Notice is attached hereto. Pursuant to 28 U.S.C. §1446(d), no further action should be taken in state court unless and until the action is remanded.

DATED this 6th day of January, 2022.

KROGER LIMITED PARTNERSHIP I
D/B/A KROGER D/B/A GAYTON
CROSSING KROGER

By Counsel

_____
Stanley P. Wellman (VSB No. 27618)
Jon A. Nichols (VSB No. 48613)
Angela R. MacFarlane (VSB No. 87776)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
jnichols@hccw.com
amacfarlane@hccw.com

## **C E R T I F I C A T E**

I hereby certify that a true copy of the foregoing was sent via email and U.S. Mail this 6th day of January, 2022 to:

    John Hubbard Taylor, Esq.
    VSB No. 81004
    FloranceGordonBrown, PC
    901 East Cary Street, Suite 1900
    Richmond, VA 23219
    804-697-5100 - Phone
    804-697-5129 - DD
    804-697-5159 - Fax
    jtaylor@fgb.com

_____
Jon A. Nichols

**EXHIBIT A**

**VIRGINIA:**

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

BRIAN SCOVILLE,

      Plaintiff,

v.	Case No.: 21-5352-5

KROGER LIMITED PARTNERSHIP I
d/b/a KROGER
d/b/a GAYTON CROSSING KROGER,
*
and

BENENSON BYRN MAWR, LLC
d/b/a BENENSON CAPITAL PARTNERS, LLC,

and

MICHAEL GOODROW,

      Defendants.

## COMPLAINT

COMES NOW, the plaintiff, Brian Scoville, by counsel, and moves for judgment, jointly and severely, against the Defendants, Kroger Limited Partnership I d/b/a "Kroger" and "Gayton Crossing Kroger" ("Kroger"), Benenson Byrn Mawr, LLC d/b/a Benenson Capital Partners, LLC ("Benenson") and Michael Goodrow ("Goodrow") (collectively "Defendants") for the reasons stated herein:

1. At all times relevant, Kroger was an Ohio limited partnership, which transacted business in the Commonwealth and owned and operated a grocery store located at 1356 Gaskins Road, Richmond, Virginia 23238.

2. At all times relevant, Benenson was a Delaware limited liability corporation, which transacted business in the Commonwealth and is the owner of property located at 1356 Gaskins Road, Richmond, Virginia 23238.

RECEIVED AND FILED
CIRCUIT COURT

DEC 03 2021

EDWARD F. JEWETT, CLERK
BY _____ D.C.

3. At all times relevant, Goodrow was an adult individual who is a resident of the County of Henrico and was acting within the scope of his employment as a Manager at the Gayton Crossing Kroger.

4. Plaintiff is an adult individual and resident of Henrico County, Virginia.

5. Kroger maintains its Registered Agent in the City of Richmond, Virginia. Therefore, jurisdiction and venue are permissible in this Court.

6. On August 11, 2021, the plaintiff was food shopping at the Kroger grocery store located at 1356 Gaskins Road, Richmond, Virginia 23238 ("Store") and was an invitee with the express and implied invitation of the defendants.

7. At the same time and place, a liquid substance was located on the aisle floor of the Store that was used by invitees, including the plaintiff, to move about the store while food shopping.

8. The liquid substance located on the aisle floor of the Store created an unsafe and dangerous condition that the defendants knew or should have known to exist.

9. At the same time and place, the plaintiff violently slipped and fell on the liquid substance located on the aisle floor of the Store.

10. There were no warning signs in place to notify the plaintiff of the unsafe and dangerous condition that existed on the aisle floor.

11. At all times relevant, the defendants owed the plaintiff a duty to use ordinary care to maintain, clean and remove unsafe and dangerous conditions, such as liquid substance located on the aisle of the Store, and to maintain the premises in a reasonably safe condition.

12. At all times relevant, the defendants owed the plaintiff, a duty to make reasonable inspections to determine whether any unsafe and/or dangerous conditions, such as the liquid substance located on the aisle floor, existed at the Store.

13. At all times relevant, the defendants owed the plaintiff a duty to warn of any unsafe and/or dangerous conditions, such as the liquid substance located on the aisle floor, which the defendants knew or should have known to exist at the Store.

14. At all times relevant, the defendants owed the plaintiff a duty to use ordinary care to remove any unsafe and/or dangerous conditions, such as the liquid substance located on the aisle floor.

15. The defendants breached their duties of care, as set forth herein, to the plaintiff and were negligent in failing to maintain, clean and remove the liquid substance located on the aisle floor, as described herein, failing to maintain the premises in a reasonably safe condition; in failing to make reasonable inspections to discover unsafe conditions on the premises; in failing to remove any unsafe conditions on the premise; and in failing to warn of any unsafe conditions on the premises.

16. As a direct and proximate result of the defendants' breach of their duties owed to the plaintiff and the defendants' negligence, the plaintiff was caused to suffer severe and permanent injuries, has suffered and will suffer in the future pain of the mind and body, has incurred and will incur in the future medical and related expenses and has been deprived of earnings and earning capacity.

WHEREFORE, the plaintiff, Brian Scoville, by counsel, respectfully requests entry of any Order granting him judgment jointly and severely, against the defendants, Kroger Limited Partnership I d/b/a "Kroger" and "Gayton Crossing Kroger", Benenson Bryn Mawr LLC d/b/a Benenson Capital Partners, LLC ("Benenson") and Micheal Goodrow in the sum of Eight Hundred Thousand dollars ($800,000.00) plus prejudgment and post-judgment interest from August 11, 2021, his costs expended in this action and any other relief the Court deems appropriate.

A jury trial is demanded.

**BRIAN SCOVILLE**

By: _____
                Counsel

John Hubbard Taylor, V.S.B No. 81004
FLORANCEGORDONBROWN
901 East Cary Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 697-5129
Facsimile: (804) 697-5159
jtaylor@fgb.com
www.fgb.com
***Counsel for Plaintiff***

**EXHIBIT B**

VIRGINIA:

        IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

BRIAN SCOVILLE,

   Plaintiff,

v.                                                  Case No. CL21-5352-5

KROGER LIMITED PARTNERSHIP I D/B/A
KROGER D/B/A GAYTON CROSSING
KROGER, BENENSON BRYN MAWR, LLC
D/B/A BENENSON CAPITAL PARTNERS,
LLC AND MICHAEL GOODROW,

   Defendants.

## ANSWER

      COMES NOW Defendant Kroger Limited Partnership I d/b/a Kroger d/b/a Gayton Crossing Kroger ("Kroger"), by counsel, and state as follows for their Answer to Plaintiff's Complaint:

      1.     Kroger denies the allegation in paragraph one of the Complaint that Kroger owns the building in which Kroger is located at 1356 Gaskins Road, Richmond, Virginia. Kroger admits the remaining allegations in paragraph one of the Complaint.

      2.     Kroger lacks sufficient information to admit or deny the allegations in paragraph two of the Complaint.

      3.     Paragraph three of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied as phrased.

      4.     Kroger lacks sufficient information to admit or deny the allegations in paragraph four of the Complaint.

5. Paragraph five of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Kroger denies the allegation.

6. Kroger admits the allegation in paragraph six of the Complaint that plaintiff was at the Kroger grocery store located at 1356 Gaskins Road, Richmond, Virginia on August 11, 2021. Kroger lacks sufficient information to admit or deny the allegation in paragraph six that plaintiff was food shopping. Kroger avers that the allegation in paragraph six that "an invitee with the express and implied invitation of the defendants" is a legal conclusion to which no response is required. To the extent that a response is required the allegation is denied.

7. Kroger denies the allegations in paragraph seven of the Complaint as it contains incomplete statements of law and Kroger has insufficient information or knowledge to answer said allegations.

8. Kroger denies the allegations in paragraph eight of the Complaint.

9. Kroger denies the allegations in paragraph nine of the Complaint.

10. Kroger denies the allegations in paragraph ten of the Complaint.

11. Kroger avers that paragraph eleven of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Kroger denies the allegations in paragraph eleven.

12. Kroger avers that paragraph twelve of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Kroger denies the allegations in paragraph twelve.

13. Kroger avers that paragraph thirteen of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Kroger denies the allegations in paragraph thirteen.

14. Kroger avers that paragraph fourteen of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Kroger denies the allegations in paragraph fourteen.

15. Kroger denies the allegations in paragraph fifteen of the Complaint.

16. Kroger denies the allegations in paragraph sixteen of the Complaint.

17. Kroger denies all allegations in the unnumbered Paragraphs of the Complaint.

18. Kroger denies all allegations in the Complaint not specifically admitted herein.

19. Kroger denies that they are indebted to the Plaintiff in the amount claimed, or in any amount, for the reasons stated or for any reason.

20. Kroger denies that they were negligent and that they breached any duty owed to the Plaintiff.

21. Kroger specifically denies that it committed any act of negligence that was the proximate cause of Plaintiff's alleged injuries and damages.

22. Kroger denies that Plaintiff was damaged in the amount and to the extent alleged.

23. Kroger avers that the Plaintiff was contributorily negligent and/or assumed the risk because of his failure to observe and take heed of his surroundings, failure to keep proper lookout and awareness, failure to observe that which was open and obvious, and failure to take proper care for his own safety.

24. Kroger reserves the right to supplement these affirmative defense or to assert new affirmative defenses as discovery so necessitates.

25. Kroger reserves the right to modify, alter, and amend this Answer as any facts presently unknown to them become known.

26. Kroger reserves the right and intends to remove the matter to the United States District Court for the Eastern District of Virginia, and this Answer is not intended to prejudice that right. Counsel will be filing a Demurrer/Motion to Dismiss Michael Goodrow for misjoinder once service is perfected. Such actions are timely and preserved.

WHEREFORE, Defendant Kroger Limited Partnership I d/b/a Kroger d/b/a Gayton Crossing Kroger, by counsel, moves the Court for judgment in their favor, award their costs in the defense of this matter and all other relief the Court deems proper.

                                            **KROGER LIMITED PARTNERSHIP I**
                                            **D/B/A KROGER D/B/A GAYTON**
                                            **CROSSING KROGER**

By: _Angela MacFarlane_
               Counsel

Stanley P. Wellman (VSB No. 27618)
Jon A. Nichols (VSB No. 48613)
Angela R. MacFarlane (VSB No. 87776)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
jnichols@hccw.com
amacfarlane@hccw.com

4

## **C E R T I F I C A T E**

I hereby certify that a true copy of the foregoing was sent via U.S. mail and email this 29th day of December, 2021 to:

> John Hubbard Taylor, Esq.
> VSB No. 81004
> FloranceGordonBrown, PC
> 901 East Cary Street, Suite 1900
> Richmond, VA 23219
> 804-697-5100 - Phone
> 804-697-5129 - DD
> 804-697-5159 - Fax
> jtaylor@fgb.com

By: _Angela MacFarlane_
       Counsel

5